# EXHIBIT A

```
EC9PBONS1
```

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA

4            v.                                 10 Cr. 228 (LTS)

5   DANIEL BONVENTRE,
    JEROME O'HARA,
6   GEORGE PEREZ,
    ANNETTE BONGIORNO,
7   JOANN CRUPI,

8                 Defendants.

9   ------------------------------x
                                                 New York, N.Y.
10                                               December 9, 2014
                                                 10:04 a.m.
11
    Before:
12
              HON. LAURA TAYLOR SWAIN
13
                                                 District Judge
14
              APPEARANCES
15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  MATTHEW L. SCHWARTZ
    RANDALL W. JACKSON
18  JOHN T. ZACH
    PAUL MONTELEONI
19       Assistant United States Attorneys

20
    ROLAND G. RIOPELLE
21       Attorney for Defendant Bongiorno

22

23

24

25

              SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

EC9PBONS3

1    there's any reason to take them out.  We all agree that we're
2    going to fight that out down the road.
3             THE COURT:  Fine then.
4             MR. RIOPELLE:  Thank you, Judge.
5             THE COURT:  And do you have any application for stay
6    of the custodial sentence or for bail pending appeal?
7             MR. RIOPELLE:  Your Honor, I was here yesterday, and I
8    heard the arguments that Mr. Frisch made.  Given the nature --
9    May I have just a moment with my client on that issue, your
10   Honor?
11            THE COURT:  Yes.
12            (Pause)
13            MR. RIOPELLE:  Your Honor, I incorporate by reference
14   Mr. Frisch's arguments.  I won't say more than that.
15            THE COURT:  And, Mr. Zach?
16            MR. ZACH:  Your Honor, the government moves for
17   remand, and we incorporate by reference Mr. Schwartz's argument
18   yesterday for bail pending appeal.
19            THE COURT:  And my denial of both of those
20   applications, as explained on the record yesterday at
21   Mr. Bonventre's sentencing, is incorporated by reference as
22   well.
23            MR. RIOPELLE:  Thank you, your Honor.  And I will say
24   that we would ask for a direct surrender.
25            THE COURT:  Yes.  So you're requesting the designation

1  of home confinement for the final 12 months, provision for
2  voluntary surrender, and are you requesting any other
3  recommendations?
4         MR. RIOPELLE:  Yes, we would request, your Honor, that
5  the Court recommend that this defendant be housed during the
6  period of custody at the Women's Satellite Camp in Coleman,
7  Florida.  The purpose or the reason for this request is that
8  her family -- her husband intends ultimately to move to
9  Florida, and it will be near where he will reside.  And her
10 family does travel to Florida periodically, and she expects to
11 be able to see her family with some frequency in Coleman,
12 Florida.
13        It is also a good location for her in terms of her
14 respiratory problems.  The warm weather is better for her than
15 the cold weather here in the northeast, and that is the reason
16 we make that request.
17        THE COURT:  So for family ties and health reasons?
18        MR. RIOPELLE:  Yes, Judge.
19        THE COURT:  I will make those recommendations,
20 specifically, designation to the Women's Satellite Camp in
21 Coleman, Florida, and family ties reasons.
22        I will recommend that she be designated to serve the
23 final 12 months of her custodial sentence in home confinement.
24 And, Mrs. Bongiorno, I direct you to report to the designated
25 institution on February 19th, 2015, by 2:00 in the afternoon.

1  The electronic monitoring, curfew and other release conditions
2  that are currently in place continue pending your surrender
3  date.
4           Now, I have a few more remarks to you and your family
5  and to the people assembled here. I thank you in advance for
6  listening.
7           Mrs. Bongiorno, you lived a comfortable and,
8  especially in the later years, luxurious life. We all know now
9  that it was supported by the proceeds of a massive fraud, and
10 as I said yesterday, we all do stand among the smoking ruins of
11 literally thousands of shattered lives, and I recognize that
12 your life has been shattered as well.
13          Given the crimes of which you have been convicted,
14 this is a justly harsh result for someone whose work was so
15 integral to the success of the unspeakable fraud perpetrated by
16 Bernard Madoff. Your freedom is being taken away for a long
17 time, and assets that were not rightly yours to begin with have
18 been taken away as well.
19          However, in imposing this sentence, the Court has
20 recognized that you were not an architect of the Ponzi scheme
21 and that you were not a person who is evil at heart. The
22 outpouring of widespread support, which was notably absent in
23 the case of Bernard Madoff, and the respect that you have
24 earned and retain among your friends, family and even victims
25 have persuaded me that you should not spend the rest of your

1   life in prison. However, much of your generosity in the past
2   was funded by assets that were not yours, and thereby destroyed
3   or at least chipped away at the foundation of innocent
4   investors' dreams.
5           You now have the opportunity and the moral obligation,
6   while you are in prison and after you complete this sentence,
7   of living a life that is in every sense above-board, honest,
8   respectable and inspiring. You have the challenge of being
9   generous with your life, of showing strength, grace and
10  goodwill in circumstances of adversity that you never imagined
11  that you would encounter. Your victims and their families have
12  faced that same challenge many times over, and will continue to
13  do so every day for the rest of their lives.
14          On the basis of your past, I know that you can make a
15  future that will leave you a net positive contributor to this
16  community. It is up to you to do the work of atonement that
17  makes that possible. Your nieces, your nephews and
18  grandchildren and the people you will help when you do your
19  community service -- when I say grandchildren, I mean the
20  adopted grandchildren who have written to me about you because
21  I know you have no natural grandchildren -- and the people you
22  will help when you do your community service during supervised
23  release, are depending on you to set an example.
24          I wish you and your family strength and courage as you
25  walk this road. I also wish all of the victims of the Madoff

EC9PBONS3

1   Securities fraud some measure of peace and acceptance that the
2   Court understands and acknowledges their pain, that the SIPA
3   trustee, the Department of Justice and the Courts are working
4   to repair the damages as far as is legally possible, and that a
5   just penalty has been imposed in the case of this individual
6   defendant.
7           I thank you all for listening. I thank counsel for
8   their extraordinary work in all phases of this case, and as I
9   said, I will be setting a conference in January to follow up on
10  the forfeiture issues.
11          I will direct that the Bureau of Prisons and the
12  Sentencing Commission be provided, and counsel, with a complete
13  corrected copy of the presentence report. All other copies
14  must remain appropriately confidential. If an appeal is taken,
15  counsel on appeal are to be permitted access to the report.
16          Ms. Bongiorno, you will need to go to the probation
17  department this afternoon to begin the paperwork, and Ms. Ng
18  will be giving you a document that you need to take with you
19  over there. Mr. Riopelle will explain to you exactly where you
20  need to go in that regard.
21          MR. RIOPELLE: I'll escort her, your Honor.
22          THE COURT: Thank you. I appreciate that. Counsel,
23  is there anything further that we need to take up together, now
24  it's the afternoon, this afternoon?
25          MR. ZACH: No, your Honor.

EC9PBONS3

|  |  |
|---|---|
| 1 | MR. RIOPELLE:  Only from me, your Honor.  I want to |
| 2 | thank the Court.  I'm pretty hard bitten and not an emotional |
| 3 | person, but that was an extraordinarily fair sentence in |
| 4 | circumstances where it took real courage to impose a sentence |
| 5 | of that kind, and it means a lot to me, despite the fact -- and |
| 6 | I will note for the record that my recommendation to the Court |
| 7 | was a little bit in excess of that, and I probably ought to |
| 8 | notify my malpractice carrier about the sentence the Court has |
| 9 | imposed because it showed greater mercy than I believed was |
| 10 | possible.  I thank you. |
| 11 | THE COURT:  My job here is to apply the law, discern |
| 12 | the facts and do justice, and that is what I do my best to do |
| 13 | in every case.  Thank you all. |
| 14 | MR. RIOPELLE:  Thank you very much. |
| 15 | (Adjourned) |