# EXHIBIT A

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANNETTE BONGIORNO | ) ) ) ) ) ) ) ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  01:S10 10crim228-04 (LTS)

USM Number:  96064-004

Roland G. Riopelle, Esq.
*Defendant's Attorney*

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

X was found guilty on count(s)   One, Six, Nine, Twelve, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine & Thirty
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to defraud investment advisory clients. | 12/11/2008 | One (1) |
| 15 USC 78j(b) and 78ff<br>and 17 CFR Section<br>240.10b-5 | Securities fraud. | 12/11/2008 | Six (6) |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   any pending   ☐ is   X are  dismissed on the motion of the United States.

X Underlying Indictment(s)   ☐ is   X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 9, 2014
Date of Imposition of Judgment

Signature of Judge

Laura Taylor Swain, U.S.D.J.
Name and Title of Judge

December 15, 2014
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 7 2014

Case 1:10-cr-00228-LTS   Document 1225   Filed 12/17/14   Page 2 of 7

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
              Sheet 1A

DEFENDANT:        ANNETTE BONGIORNO
CASE NUMBER:      01:S10 10crim228-04 (LTS)

Judgment—Page    2    of    7

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 USC 78q(a) and 78ff and 17 CFR Section 240.17a-3 | Falsifying records of a broker dealer. | 12/11/2008 | Nine (9) |
| 15 USC 80b-4 and 80b- and 17 CFR Section 275.204-2 | Falsifying records of an investment advisor. | 12/11/2008 | Twelve (12) |
| 26 USC 7201 | Tax Evasion. | 4/15/2005 | Twenty-Five (25) |
| 26 USC 7201 | Tax Evasion. | 4/15/2006 | Twenty-Six (26) |
| 26 USC 7201 | Tax Evasion. | 4/15/2007 | Twenty-Seven (27) |
| 26 USC 7201 | Tax Evasion. | 4/15/2008 | Twenty- Eight (28) |
| 26 USC 7201 | Tax Evasion. | 10/15/2009 | Twenty-Nine (29) |
| 26 USC 7212(a) | Attempts to interfere with Administration of IRS Laws. | 2008 | Thirty (30) |

AO 245B    (Rev. 09/11) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page    3    of    7

DEFENDANT:           ANNETTE BONGIORNO
CASE NUMBER:         01:S10 10crim228-04 (LTS)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**60 months of imprisonment as to each of Counts One (1), Nine (9), Twelve (12), Twenty-Five (25), Twenty-Six (26), Twenty-Seven (27), Twenty-Eight (28) and Twenty-Nine (29), to run concurrently.**

**72 months of imprisonment as to Count Six (6), to run concurrently with the sentences on the other counts of conviction.**

**36 months of imprisonment as to Count Thirty (30), to run concurrently with the sentences on the other counts of conviction.**

**The total custodial sentence is 72 months of imprisonment.**

X    The court makes the following recommendations to the Bureau of Prisons:

   **that the defendant be designated to the FCI Coleman Women's Satellite Camp, in Florida, in order to facilitate the maintenance of family ties and for health reasons.**

   **The Court recommends to the BOP that the defendant serve the final 12 months of her sentence in home confinement.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at                              ☐   a.m.   ☐   p.m.    on

   ☐   as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   X   before 2 p.m. on       February 19, 2015

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on                                         to

a                                               , with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev 09/11) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page    4    of    7

DEFENDANT:        ANNETTE BONGIORNO
CASE NUMBER:      01:S10 10crim228-04 (LTS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
1 year of supervised release as to each of Counts One (1), Six (6), Nine (9), Twelve (12), Twenty-Five (25), Twenty-Six (26), Twenty-Seven (27), Twenty-Eight (28), Twenty-Nine (29) and Thirty (30), to run concurrently.

**The total supervised release term is 1 year.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)   the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

15)   the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessment.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | | | | |
|---|---|---|---|---|
| | | Judgment—Page | 5 | of 7 |

DEFENDANT:      ANNETTE BONGIORNO
CASE NUMBER:    01:S10 10crim228-04 (LTS)

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, defendant must perform 80 hours of Community Service as directed by the Probation Officer.

Defendant must provide the probation officer with access to any requested financial information.

Defendant must not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

Defendant is to be supervised by the district of residence.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT:          ANNETTE BONGIORNO
CASE NUMBER:        01:S10 10crim228-04 (LTS)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 1,000.00 | $ | $ |

☐  The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement  $ ____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

    ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   7   of   7

DEFENDANT:      ANNETTE BONGIORNO
CASE NUMBER:   01:S10 10crim228-04 (LTS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   Lump sum payment of $   1,000.00      due immediately, balance due

       ☐   not later than            , or
       ☐   in accordance    ☐ C,    ☐ D,    ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,     ☐ D, or   ☐ F below); or

C   ☐   Payment in equal       *(e.g., weekly, monthly, quarterly)* installments of $        over a period of       *(e.g., months or years)*, to commence       *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal       *(e.g., weekly, monthly, quarterly)* installments of $        over a period of       *(e.g., months or years)*, to commence       *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within      *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Forfeiture liability is joint and several with:
Daniel Bonventre, 10 crim 228 -04 (LTS), $155,645,703,200.00;   Bernard Madoff, 09 crim 213-01 (DC), $170,799,000,000.00;
JoAnn Crupi, 10 crim 228 -05 (LTS), TBD;   David Friehling, 09 crim 700-01 (AKH), TBD;
George Perez, 10 crim 228 -02 (LTS), TBD;   Frank DiPascali, 09 crim 764-01 (RJS), TBD.
Jerome O'Hara, 10 crim 228 -04 (LTS), TBD;
Eric S. Lipkin, 10 crim 228 -06 (LTS), TBD;
David L. Kugel, 10 crim 228-07 (LTS), TBD;
Enrica Cotellessa-Pitz, 10 crim 228-08 (LTS), TBD;
Craig Kugel, 10 crim 228-09 (LTS), TBD;
Peter Madoff, 10 crim 228-10 (LTS), $143.1 billion;
Irwin Lipkin, 10 crim 228-11 (LTS), TBD;
Paul J. Konigsberg, 10 crim 228-12 (LTS), TBD;

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
Defendant is to forfeit to the United States $155,158,703,200.00 as to Counts One (1), Six (6) and Nine (9), as specified in the Order of Forfeiture, which represents the proceeds of the defendant's criminal activity. Defendant's interest in specific property acquired on and after January 1, 1992, is also forfeited, as provided in the amended preliminary order of forfeiture. Defendant is jointly and severally liable for the forfeiture obligation with the co-defendants Daniel Bonventre, JoAnn Crupi, George Perez, Jerome O'Hara, Eric S. Lipkin, David L. Kugel, Enrica Cotellessa-Pitz, Craig Kugel, Peter Madoff, Irwin Lipkin, Paul J. Konigsberg (all in 10 crim 228 (LTS)), Bernard Madoff (09 crim 213-01 (DC)), David Friehling (09 crim 700-01 (AKH)), and Frank DiPascali (09 crim 764-01 (RJS)).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.