**SERCARZ & RIOPELLE, LLP**
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

December 22, 2018

BY ECF and FAX

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 755
New York, NY 10007

      Re: United States v. Annette Bongiorno, et al.,
          S2 10 Cr. 228 (LTS)

Dear Judge Swain:

      I write to request that the Court enter an order directing the Bureau of Prisons to release Ms. Bongiorno to home confinement no later than March 19, 2019. The reasons for this application are as follows.

      At the time it sentenced Mrs. Bongiorno, the Court included in its Judgment a recommendation that Mrs. Bongiorno be designated to serve her final 12 months in custody as home confinement. A copy of the Court's Judgment is attached as Exhibit A, and page 3 of the Judgment reads "[t]he Court recommends to the BOP that the defendant serve the final 12 months of her sentence in home confinement." Thereafter, in response to an application from Mrs. Bongiorno, the Court was kind enough to write Mrs. Bongiorno's warden in Coleman, Florida on October 26, 2017, requesting that Mrs. Bongiorno be released to a halfway house at the earliest opportunity, and that six months of her "readjustment" period "be served in home confinement, as authorized by 18 U.S.C. § 3624(c)(2)." A copy of the Court's October 26, 2017 letter to the warden of FCI Coleman is attached as Exhibit B. I respectfully submit that the Court included the language quoted above in its Judgment and then wrote its October 26, 2017 letter because it recognized that Mrs. Bongiorno is an appropriate candidate to serve as much of her sentence as possible in home confinement.

      Mrs. Bongiorno's "Release Date" is listed on the Bureau of Prisons website as May 1, 2020. Under the law in effect at the time the Court issued its October 26, 2017 letter, the maximum amount of time my client could spend in home confinement was 6 months, and the maximum amount of prerelease custody that the Bureau of Prisons could

SERCARZ & RIOPELLE, LLP

grant Mrs. Bongiorno was one year. See 18 U.S.C. § 3624(c)(1) and (2). Thus, if the Bureau of Prisons honored the Court's October 26, 2017 request, Mrs. Bongiorno would be released to a halfway house on or about May 1, 2019, and to home confinement some time thereafter, since Mrs. Bongiorno would be eligible for favorable treatment in the form of early release to home confinement under the Federal Prisoner Reentry Initiative, 34 U.S.C. § 60541, given her age (Mrs. Bongiorno is now 70).

As the Court may know, President Trump signed the First Step Act on December 20, 2018. Under section 603 of the First Step Act, Mrs. Bongiorno is eligible for direct release to home confinement after serving 2/3 of her sentence of custodial confinement, given her advanced age. Moreover, the new statute permits her to make a direct application to the Court for this relief, and Mrs. Bongiorno respectfully makes the application contained in this letter to avail herself of this relief. The relevant section of the First Step Act is attached to this letter as Exhibit C.

Mrs. Bongiorno surrendered to FCI Coleman and began serving her sentence as directed by the Court on February 19, 2015. See Exhibit A. Two thirds of Mrs. Bongiorno's custodial sentence of 72 months amounts to 49 months. 49 months from February 19, 2015 is March 19, 2019. Therefore, if the Court grants Mrs. Bongiorno's application, it should order that Mrs. Bongiorno be released to home confinement no later than March 19, 2019.

I note for the Court's information that Mrs. Bongiorno continues to be a model prisoner. She has now served nearly four years of her sentence without a disciplinary violation of any kind. She continues to cooperate fully with the Bankruptcy Trustee, and as recently as last week, I was with her when the Bankruptcy Trustee's counsel interviewed her for two days. Next month, she expects to provide a third deposition to the Bankruptcy Trustee in response to the Trustee's request.

I am pleased to report that Mrs. Bongiorno is in generally good spirits, although she does find the Holiday Season a bit depressing. She is in decent health for a 70 year old, but suffers from the aches and pains that come with age, and she continues to struggle with her pulmonary problems – asthma and COPD. She remains an "old fashioned" family oriented person, who would benefit greatly from the release to home confinement that the First Step Act provides, because it would permit her to see more of her extended family more often than she is able to do so now.

SERCARZ & RIOPELLE, LLP

    If the Court is inclined to grant this application, it may do so by executing this letter at the "So Ordered" signature line below. And whatever the Court's decision may be, Mrs. Bongiorno and I wish Your Honor a Happy Holiday Season and a healthy 2019.

Respectfully submitted,

Roland G. Riopelle

Cc: United States Attorney's Office, SDNY (By ECF)

    The Defendant, Annette Bongiorno, having made application pursuant to the First Step Act for release to home confinement after serving two thirds of the sentence originally imposed by the Court, and good cause appearing to grant this application,

    IT IS ORDERED, that the Bureau of Prisons release Annette Bongiorno to home confinement no later than March 19, 2019.

IT IS SO ORDERED:

_____
HON. LAURA TAYLOR SWAIN
U. S. D. J.