UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                              No. 10-CR-228-LTS-4

ANNETTE BONGIORNO,

        Defendant.

-------------------------------------------------------x

## ORDER

By letter motion dated December 22, 2018, Defendant Annette Bongiorno requests "that the Court enter an order directing the Bureau of Prisons to release Ms. Bongiorno to home confinement no later than March 19, 2019," in light of the recently passed federal "First Step Act." (Docket Entry No. 1521.) According to Defendant, "[u]nder Section 603 of the First Step Act, Mrs. Bongiorno is eligible for direct release to home confinement after serving 2/3 of her sentence of custodial confinement, given her advanced age [of 70 years]." (Docket Entry No. 1521 at 2.) Defendant also asserts, without citation, that "the new statute permits her to make a direct application to the Court for this relief." (Id.)

While it appears that Mrs. Bongiorno is indeed eligible for direct release to home confinement as of February 19, 2019 (after serving four years, or two-thirds, of her 72-month term of imprisonment), the statute does not provide for direct application to the Court for the relief she seeks. (See Docket Entry No. 1521, Ex. A.) Instead, the initial determination as to Mrs. Bongiorno's eligibility for release to home confinement, which is discretionary, rests with the Bureau of Prisons ("BOP"). See 34 U.S.C. § 60541(g)(1)(B); see also 28 C.F.R. § 0.96. "Eligible elderly offenders" like Mrs. Bongiorno may make a "written request" for release

directly to the BOP.  See 34 U.S.C. § 60541(g)(1)(B).  There is no indication in Mrs. Bongiorno's letter motion that she has submitted any such written request.

Therefore, because the statute does not provide for direct application to the Court, because Mrs. Bongiorno has not exhausted her administrative remedies with the BOP, and because she has not provided any explanation as to why seeking relief from the BOP would be futile, Mrs. Bongiorno's motion is denied without prejudice.  See 28 C.F.R. § 542.15; see also Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (holding that inmate seeking certain designation under the Federal prisoner reentry initiative (34 U.S.C. § 60541) was required to exhaust his administrative remedies with the BOP before filing habeas corpus petition).  Mrs. Bongiorno's failure to exhaust her administrative remedies with the BOP also makes treatment of her letter motion as a petition for writ of habeas corpus under 28 U.S.C. Section 2241 premature.

This Order resolves Docket Entry No. 1521.

SO ORDERED.

Dated: New York, New York
January 7, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge